UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDA KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NICHOLAS OWENS, MIRIAM MARTINEZ,, Does 1-10,<br><br>Defendants. | Case No.: 2:17-cv-01929-MCE-CKD-PS<br><br>**ORDER** |

On September 15, 2017, 2017, Defendant Nicholas Owens, proceeding in pro se, filed a Notice of Removal of this unlawful detainer action from the Placer County Superior Court.[1] ECF No. 1. This Court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As explained below, Defendant has failed to meet that burden.

---

[1] Despite Defendant's pro se status, the undersigned revokes any actual or anticipated referral to a Magistrate Judge. See E.D. Cal. Local R. 302(c)(21).

1

While ostensibly premised on federal statutes permitting removal of civil actions under 28 U.S.C. 1441 and 1446, examination of the Notice of Removal indicates that removal appears to be based on an argument that the Complaint fails to allege compliance with a the notice provisions contained in the so-called Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220. Examination of Plaintiff's Complaint , however, shows that it is an unlawful detainer complaint whose demand is specifically limited at less than $10,000.  Plaintiff's Complaint does not allege any federal claims; instead, Plaintiff alleges only unlawful detainer under state law.  ECF No.1 at 9-12.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the fact of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

Here, Plaintiff's sole claim is for unlawful detainer under state law.  At most, Defendant argues that he has a defense under federal law.  "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted).  Therefore, this Court lacks jurisdiction.

Accordingly:

1. The action is REMANDED to the Placer County Superior Court.
2. The Clerk of Court is directed to serve a certified copy of the order on the Clerk of the Placer County Superior Court, and reference the state case

number (No. MCV0067651) in the proof of service.

3. The Clerk of Court is directed to close this case and vacate all dates.

4. The Clerk of the Court is ordered not to open another case removing the following unlawful detainer action: No. MCV0067651.

IT IS SO ORDERED.

Dated: September 18, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE